# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KAREEM JAMAAL RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV821 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Kareem Jamaal Russell, a federal prisoner, has brought a motion for return of property seeking the return of two watches, a diamond ring, $2,900.00 in United States currency, two cellular telephones, and "[m]iscellaneous personal effects." (Docket No. 2, § VI.) He alleges that he was arrested on federal charges by the Cabarrus County Sheriff's Office and that the items he seeks were seized, inventoried, and held for safe keeping at that time. He states that he and his family members have thus far been unable to obtain the property from the Cabarrus County Sheriff's Office. Plaintiff adds that the Sheriff's Office has advised him that he needs an order from this Court saying that it has no objection to the release of the property. (*Id*. § VII.) Defendant has responded to Plaintiff's motion with a motion to dismiss. (Docket No. 12.) The time to file a response to Defendant's motion has long expired. Still, despite being informed of his right to file a response (Docket No. 14),

Plaintiff has not done so. The matter is now before the Court for a ruling on the motion for return of property and the motion to dismiss.

Defendant largely agrees with Plaintiff's statement of the basic facts. It states that Plaintiff was indicted on drug charges by a federal grand jury on November 1, 2005 and arrested on November 7, 2005 by the Cabarrus County Sheriff's Office. He later pled guilty to one charge and was sentenced to 188 months of imprisonment. Defendant states on "information and belief" that the property alleged to have been seized from Plaintiff at his arrest remains in the possession of the Sheriff's Office. (Docket No. 13 at 1.) It asserts that this property "is not and never has been in the actual or constructive possession of the United States." (*Id*. at 2.) According to Defendant, federal authorities also did not order the seizure of the property, use it as evidence, or attempt to have it forfeited to the federal government. (*Id*.)

As already stated, Plaintiff has not filed a response or contested any of Defendant's statements regarding his property. Nor does it appear that he should have given that the parties essentially agree on the facts of the case. The property Plaintiff seeks was taken by the Cabarrus County Sheriff's Office, was never a part of the federal case, and was never possessed by federal law enforcement or the United States government. There is also no evidence, or even an allegation, that federal authorities directed the state authorities to seize the property. This means that Plaintiff cannot maintain his motion for return of property in this Court even though he was prosecuted in this Court. That fact alone is not enough to

allow a motion for return of property to be brought here. *United States v. Copeman*, 458 F.3d 1070, 1071-72 (10th Cir. 2006). Also, the United States is not a proper party against which to bring an action in these circumstances. *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). As the Fourth Circuit Court of Appeals has stated in a slightly different context, "the federal government, not having the [property], could not return [it]." *United States v. Presley*, 52 F.3d 64, 70 (4th Cir. 1995). Defendant's motion to dismiss should be granted and Plaintiff's motion for return of property should be denied.[1]

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for return of property (Docket No. 2) be denied, that Defendant's motion to dismiss (Docket No. 12) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 19, 2010

---

[1] The Court will not, as Plaintiff requests, issue an "Order" stating that the Court has no objection to the release of property over which it has no control. However, the facts of this case and the discussion above make it plainly apparent that neither this Court, nor the federal government generally, has ever had any interest in the property in question.